815 F.2d 76
 45 Fair Empl.Prac.Cas. 300,
46 Empl. Prac. Dec. P 37,876
Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John E. BOOMSMA, Plaintiff-Appellee Cross-Appellant,
v.
GREYHOUND FOOD MANAGEMENT, INC., Defendant-Appellant Cross-Appellee.
 Nos. 86-1788, 86-2040.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1987.
 
 1
 Before MERRITT, WELLFORD, and MILBURN, Circuit Judges
 
 ORDER
 
 2
 Appellee has moved for dismissal of appeal No. 86-1788, taken from a final order of the district court in this case brought pursuant to 42 U.S.C. 2000e-2(a)(1), which order found in favor of plaintiff and awarded compensatory damages and attorneys fees in an amount to be subsequently determined.
 
 
 3
 The motion asserts that the notice of appeal was filed in the district court on August 27, 1986, thirty-four days after the July 24, 1986 entry of judgment. Our review of the record confirms that untimely filing, and appellant concedes in its response to the motion to dismiss that the notice of appeal was indeed untimely, a fact which it ascribes to a mathematical error in calculating the due date of the notice. In a supplemental response to the motion to dismiss appellant argues that Fed.R.Civ.P. 6(e) and Fed.R.App.P. 26(c) allow for an additional three days of mailing time in determining the timeliness of the notice.
 
 
 4
 The record in the case further indicates that on September 23, 1986 the defendant moved the district court for an extension of time to file its notice of appeal. In an opinion and judgment of November 6, 1986 that court denied the motion, finding that it, too, had been untimely filed and that, in any event, the movant had failed to demonstrate the "good cause" or "excusable neglect" required by Fed.R.App.P. 4(a)(5). No notice of appeal has been filed from that judgment.
 
 
 5
 In light of the foregoing, we conclude that the notice of appeal was untimely filed; because the timeliness requirement for notices of appeal is mandatory and jurisdictional, Browder v. Director, Dep't. of Corrections, 434 U.S. 257 (1978), and we can neither waive nor extend the allotted time, Fed.R.App.P. 26(b), we find the motion to be well taken and appeal No. 86-1788 is hereby dismissed.
 
 
 6
 Another jurisdictional matter remains. The notice of cross-appeal was filed on September 12, 1986, fifty days from the entry of judgment. Fed.R.App.P. 4(a)(3) requires that notice of cross-appeal be filed within fourteen days of a timely filed notice of appeal, or within the time allotted by rule 4(a)(1) for filing the notice, whichever is later. This notice of cross-appeal is untimely on all counts, and we are therefore constrained to dismiss No. 86-2040 as well. This dismissal, however, is without prejudice to the cross-appellant's seeking from the district court an extension of time for filing its own notice of appeal.
 
 
 7
 It is so ORDERED.